McCarthy v. McCarthy.

## JAMES McCARTHY et al.

### *v.*

## JOHN J. McCARTHY et al.

[Filed January 17th, 1899.]

1. The statute of 1713 (*Gen. Stat. p. 876 § 115*) provides that copies of wills made in Great Britain, devising lands lying in New Jersey, shall be admissible in evidence the same as the original will, if certified under the seal of the office where such will is *proved and lodged.* To make such certified copy admissible it must appear that the will was made and proved in accordance with the laws of this state. The certificate of the foreign court that the copy of the will is true, and that the will was proven, unaccompanied by a showing of the proofs, so that this court may decide whether they comply with the requirements of our statute, cannot be received.

2. When the devisee of a deceased defendant in partition applies for payment out of this court of his share of the proceeds of sale, notice of the application must be given to the heirs and next of kin of the decedent.

On bill for partition. Petition of Elizabeth Ahern et al.

*Mr. David J. Pancoast,* for the petitioners.

GREY, V. C.

This is a petition filed by Elizabeth Ahern and Helen Mc-Carthy, as trustees under the will of Joseph McCarthy, deceased, asking that there be paid to them the sum of $1,213.12, now in the depository of this court, as the share of Joseph McCarthy, deceased, in the proceeds of a sale made under the order of this court in the above-entitled cause. Joseph McCarthy died in March, 1891, leaving him surviving his widow, Georgiana, and his two minor children, Daniel and Jennie, all of whom live in England. In May, 1891, the petitioner Elizabeth Ahern, who was named in the will as sole executrix, probated it in the high court of justice, probate, divorce and admiralty division of England, where the original remains on file, and undertook the administration of the estate. The petitioners also accepted the

trust named in the will. A copy of the will is annexed to the petition. The only portion affecting this case is the residuary clause, which is in these words :

"The remainder of my property, of every description, real, personal or mixed, I leave to the above-mentioned trustees, to be held by them on trust for the benefit of my wife and children, as follows, that is to say, one-third to my wife, one-third to my son, and the remaining one-third to my daughter."

The attestation clause is in these words :

"Signed by above testator in our presence, who in his presence and in the presence of each other present at the same time have subscribed our names as witnesses.

"ELIZABETH AHERN.
"BESSIE PIERCE."

The witness Elizabeth Ahern is the same person who is named in the will as the executrix, as one of the trustees, and residuary legatee in the trust. The petition recites the due execution of the will in all the particulars required by our statute, and declares that the petitioners are entitled to have the fund above referred to paid into this court upon the trusts set forth in the will. They pray that an order may be made directing the payment of the fund to them, and counsel now moves for an order of course, directing the payment of the fund in court to the petitioners, without reference to a master or further inquiry.

The petition is verified by the ordinary affidavits of the petitioners that the facts therein stated are true, &c. In aid of the petition there is offered a certified copy of the will extracted from the high court of justice, probate division, &c., under seal of the district registrar, Bodmin district, England, to which is added a verification of the signature of the registrar, and of his seal under the hand and official seal of the United States consul-general at London. There is also added a certified copy of the oath of Elizabeth Ahern, to the effect that she believes the will to be true and genuine and that she will well and faithfully administer the estate. This is also under certificate of the district registrar. None of these certificates exhibit the proofs made at the time of the probate of the will in England. The

McCarthy v. McCarthy.

only reference in the certificate to the proof of the will in England, is as follows:

"Proved at Bodmin, the twelfth day of May, 1891, by the oath of Elizabeth Ahern, seamstress, the aunt, the sole executrix, to whom administration was granted."

The share of the proceeds of the partition sale of Joseph remaining in this court is real estate. *Lerch* v. *Oberly*, 3 *C. E. Gr.* 578. The decedent does not appear to have done anything since the judicial sale of the land by the master manifesting an intention to change his share from its character as real estate, into personal property. As real estate, the decedent's share would descend to his heirs-at-law, unless it be shown that by a will, lawfully executed to pass real estate in New Jersey, he devised the property to other persons. This presents the question whether the petition and proofs submitted show the due execution of a will in accordance with the requirements of the statutes of this state.

The foreign certificates show the execution of the will and its probate in England. The statute of 1713, which may be found in *Gen. Stat.* under the head of " *Conveyances*," *p. 876* § *115*, provides that copies of a will made in Great Britain by which lands in New Jersey are devised, certified under the seal of the office where the will is proved, may be given and shall be received before any court within this province, &c. This act is still in force. See *4 Griff. Reg. p. 1241* §§ *72, 73; Graham* v. *Whitely, 2 Dutch. 254, 259; Nelson* v. *Potter, 21 Vr. 328.*

By the express terms of the act of 1713, it is the copy of the will, certified under the seal of the office in which it has been *proved* and lodged, which is admissible in evidence. This proof of the will in the foreign jurisdiction must be such as would, in this state, efficiently prove a will. Some of this proof would not necessarily be shown by a certified copy of the will only. For instance, the written signatures of the testator and the two witnesses would appear on the face of the copy of the will, but the other elements of efficient execution, publication and signing in the presence of two witnesses present at the same time, need

McCarthy *v.* McCarthy.

not be written into the attestation clause of the will. These may, if they happened, be shown by proof *aliunde* on the probate of the will. The attestation clause in the will now before me does not attest its publication as a will. *Combs* v. *Jolly, 2 Gr. Ch. 626.* If, in the foreign jurisdiction, proof of such publication was not made, then there has been no proof of the will such as the statute of this state contemplates, and the certified copy is not admissible in evidence. In order to make the certified copy admissible, it must appear that the will, copy of which is certified, was duly proven to have been executed according to the requirements of the statutes of this state, and to show this there must be offered not only the certified copy of the will, but also of the proofs on which it was probated.

This construction of this statute accords not only with the express terms of the act, but also with the purpose of the legislation. It was not intended to allow the foreign jurisdiction to declare what should constitute an efficient execution of a will passing lands lying in this state, nor conclusively to determine when such a will is sufficiently proven. The object of the legislation was to make the copy of an efficiently-proved will, certified under the seal of the foreign court, admissible in evidence, in order to avoid the great inconvenience of producing the original will. The foreign court may certify the copy of a will which is shown to have been duly proved, but it is the courts of New Jersey which must determine whether the will and its proof conform to the law of this state.

This is the view taken by Mr. William Griffith in commenting upon section 4 of the act of 1713, and his declaration is even more forceful when applied to a copy of a will offered under section 3 of that act. Section 4 relates to copies of wills made in her majesty's colonies, devising lands lying in this state, and provides that, "being proven according to the custom of such colony," the copy shall be received in evidence in our courts. Section 2 relates to wills (devising New Jersey lands) which are made in Great Britain and Ireland, and declares that copies of these, when certified under the seal of the office where such will is *proved* and lodged, shall be received in evidence in our courts.

McCarthy v. McCarthy.

The language of these sections is the same as to receiving the copies in evidence in our courts, but is somewhat variant as to the mode in which the foreign will shall have been proved. When it is made in a colony, it being proven according to the custom of such colony, a certified copy will be here received in evidence. If this section of this old statute is yet forceful according to its terms, there may be as many different modes of proving a will devising lands in New Jersey as the varying laws of the different colonies or states may prescribe. It may well be doubted whether our courts would destroy the uniformity of our modes of procedure by supporting the proof of a will which accords with the laws of a foreign state, when such mode of proof varies substantially from that required in this state.

The question is not here presented, as the copy under consideration is offered under section 3 of a will proven in England. As to such wills that section prescribes no mode of proof, nor does it specify according to what law the proof shall be made. The presumption is, in the absence of such expression, that the will must be proven according to the laws of this state.

Mr. Griffith, in a note to section 4, which requires proof according to the custom of the colony where the will was made, commenting on that provision, and also on the acts of congress which make the copy of a will and its proofs in another state evidence in this state, declares as to the will, " but still it must appear to be executed in such manner as our law requires," &c. *4 Griff. Reg. p. 1241 note 1.* Mr. Griffith evidently considered that the certificate from the foreign state could not give vitality to the foreign-made will, when the will itself did not appear to be executed in such manner as our law requires.

In the case in hand, the copy of the will does not show it to have been published by the testator as our law requires, and no copy of the proofs which would show it accompanies the copy of the will.

In defining the requirements necessary to the admission in evidence of the transcript of the record of the probate of a will proved in this state the supreme court declared that it must contain the proofs prescribed by the statute, and that without

McCarthy *v.* McCarthy.

them the transcript could not be received in evidence. *Allaire* v. *Allaire, 8 Vr. 319; affirmed on error, 10 Vr. 117.* If the meaning of the act regarding the admissibility of copies of wills under the certificate of a foreign jurisdiction were doubtful it should, if possible, be construed to have the same effect as is given to statutes applicable to offers of like certificates from our own courts. It can hardly be believed that the law of this state rejects the certified copy of a will proved before a New Jersey court because the transcript does not show the proofs, while it admits a certified copy of a will proved before a foreign court without any exhibition of the proofs.

In the present case there is no offer with the certified copy of the will of the depositions taken (if any were taken) for its probate. All that appears is the memorandum, "Proved at Bodmin," &c. This court cannot accept the determination of the foreign jurisdiction that the will has been proven, without an exhibition of the proofs, in order that this court may decide whether the will was executed and the proofs made in accordance with the requirements of the law of this state. For this reason the certified copy of the will cannot be received.

Irrespective of the sufficiency of the proof submitted, however, no order of course should be made for the payment of the proceeds of the sale to the petitioner for the following reasons: It was Joseph McCarthy's estate which produced the funds; he was the party to the partition suit for whose benefit the fund came into court. It is real estate. *Lerch* v. *Oberly, ubi supra.* There has never been any ascertainment of the persons who are, as his heirs or next of kin, interested in the fund.

It is necessary that they should be identified, and notified of a proceeding which so clearly affects their interests. The heirs and next of kin should be given a day for a hearing before payment should be made—the heirs that they may have an opportunity to insist that the fund has descended to them as real estate, and to deny, if they choose, the efficacy of the alleged will; the next of kin that they may also show that the decedent had in some way ratified and accepted the conversion from realty into personalty.

Another reason for further inquiry is, that by the terms of the will, a copy of which is annexed to the petition, the petitioners have power to "act as guardians" for the children who are yet minors. Under the will or as heirs-at-law it is clear that the children have a beneficial interest in the fund. Both the petitioners and the minor children are residents of England. This situation brings the matter very closely to that condition of things when, under *Gen. Stat. p. 1617 § 9 et seq.*, proofs must be submitted that security has been given, &c., before an order can be made removing the property, &c.

An order of reference should be made to a master to summon the parties interested and to ascertain and report upon the truth of the matters set forth in the petition, and whether the prayer of the petition should be granted, and if so, upon what terms.